FILED
SEP 21 2010 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE KOCORAS

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 10 CR 775 |
| v. | Violation: Title 18, United States Code, Section 1341 |
| BAMANI OBADELE | |

**COUNT ONE**    MAGISTRATE JUDGE COX

The UNITED STATES ATTORNEY charges:

1.  At times material to this indictment:

    a.  Defendant BAMANI OBADELE was the Deputy Director of the Illinois Department of Children and Family Services' ("DCFS") Office of External Affairs and the owner and operator of Genesis Economic Development Corporation, also known as Genesis Production Company, Genesis Production Development Company and Genesis Development Economic Corporation (collectively referred to herein as "Genesis"), a Chicago-based company that sold promotional items such as magnets, yo-yos and frisbees to organizations that had contracts with DCFS. Obadele also was on the board of directors of Harvest Holistic Community Services ("Harvest Holistic"), a Chicago-based company that provided child welfare services on behalf of DCFS.

    b.  The Illinois Department of Children and Family Services ("DCFS") was an agency of the State of Illinois dedicated to protecting abused and neglected children, providing for the well-being of children in its care, and providing appropriate, permanent

families for children who could not safely return home. As part of its operations, DCFS contracted with third-party organizations to provide some of its offered services.

c. The Office of External Affairs was a division of DCFS responsible for overseeing the juvenile justice and incarcerated youth programs of DCFS and was responsible for various DCFS community outreach efforts.

d. In connection with defendant OBADELE's position as Deputy Director of the Office of External Affairs, defendant OBADELE was required to sign and file with the Illinois Secretary of State a Statement of Economic Interests that required disclosure of, among other things: (i) the names of entities in which defendant OBADELE had an ownership interest in excess of $5,000 as of the date of filing; and (ii) the names of, and the nature of services rendered to, entities from which defendant OBADELE received income exceeding $5,000 for professional services rendered during the preceding calendar year. Defendant OBADELE filed a Statement of Economic Interests with the Illinois Secretary of State in or about March 2004 and April 2005.

### Scheme To Defraud

2. Beginning no later than approximately February 2004, and continuing through approximately August 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

BAMANI OBADELE,

defendant herein, devised and intended to devise, and participated in, a scheme to defraud

DCFS and the State of Illinois of money and property by means of materially false and fraudulent pretenses, representations, promises, and by material omissions, which scheme is further described in the following paragraphs.

3. It was part of the scheme that defendant OBADELE used his position as the Deputy Director of the Office of External Affairs to cause DCFS, through various organizations with which it contracted, to pay in excess of $190,000 to Genesis and Harvest Holistic, knowing that defendant OBADELE did not intend to use a portion of the money for its intended purpose but rather to benefit defendant OBADELE personally.

4. It was further part of the scheme that defendant OBADELE, in his position as Deputy Director of the Office of External Affairs, directed various organizations that had contracts with DCFS to purchase promotional items from Genesis Production Company, without disclosing to the organizations or to DCFS that he owned Genesis Production Company and that Genesis Production Company was an assumed name for Genesis Economic Development Corporation. Between approximately February 2004 and early August 2005, defendant OBADELE caused these organizations to pay in excess of $155,000 to Genesis Production Company.

5. It was further part of the scheme that defendant OBADELE, in his position as Deputy Director of the Office of External Affairs, directed various organizations that had contracts with DCFS to enter into subcontracts with Harvest Holistic, without disclosing to the organizations or to DCFS that he controlled Harvest Holistic's bank account and intended

to use a portion of the money for personal purposes. Between approximately December 2004 and mid-July 2005, Harvest Holistic received approximately $40,000 in subcontract payments from DCFS contractors, of which defendant OBADELE took approximately $13,300 for personal purposes.

6. It was further part of the scheme that defendant OBADELE did not use all of the funds provided to Genesis Production Company and Harvest Holistic by the organizations that had contracts with DCFS for their intended purpose but instead diverted a portion of those funds for defendant OBADELE's personal benefit, resulting in a loss to the State of Illinois of over $70,000.

7. It was further part of the scheme that defendant OBADELE did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purpose of those acts.

8. On or about March 28, 2005, in the Northern District of Illinois, Eastern Division, and elsewhere,

BAMANI OBADELE,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme, knowingly did cause to be delivered by the United States Postal Service according

to the directions thereon, an envelope containing a payment made on behalf of a DCFS contractor that had been directed to purchase promotional items from Genesis, which envelope was addressed to:

>Genesis Productions Corp.
>3473 M.L. King Drive, Suite 502
>Chicago, Illinois 60616

In violation of Title 18, United States Code, Section 1341.

## **FORFEITURE ALLEGATIONS**

The UNITED STATES ATTORNEY alleges:

1. The allegations contained in Count One of this Indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Section 1341, as alleged in the foregoing Indictment,

BAMANI OBADELE,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to payments made by DCFS and its contractors to Genesis and Harvest Holistic that defendant OBADELE did not use for their intended purpose, which payments totaled approximately $84,469.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

_Patrick J. Fitzgerald, by DPS_
UNITED STATES ATTORNEY